# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEROY NELSON** | : | **DOCKET NO. 2:05-cv-1411**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **ALBERTO GONZALEZ, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a "Motion to Dismiss, alternatively, for Summary Judgment" [doc. 12] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

### FACTS

Petitioner, Leroy Nelson, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 challenging his continued detention in post-removal-order custody. In his petition, he states that he has been under a final removal order for more than six months and that the government has been unable to effect his removal within this period of time. He also claims that there is no significant likelihood of removal in the reasonably foreseeable future.

In light of the facts presented by Petitioner, the court ordered the government to respond to the petition. In response to the petition, the government filed the motion which is currently before the court, arguing that this matter should be dismissed as premature. In support of this motion, the government presents documentation which establishes that petitioner's removal order became final on February 3, 2005 while he was serving a criminal sentence in the custody of the New York State

Department of Corrections. His term of incarceration by the New York authorities ended on June 24, 2005, and at that time, he was released into the custody of the United States Immigration & Customs Enforcement (ICE). *See* Government Exhibits 1, A & 2. Since that time, ICE has sent two requests for travel documents to the Consulate General of the Bahamas which are still pending.

## LAW AND ANALYSIS

In *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001)*,* the Supreme Court concluded that "§2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis,* 121 S.Ct. at 2498. Accordingly, under the reasoning of *Zadvydas,* this court has jurisdiction to review Petitioner's challenge to his post-removal detention.

Petitioner is being detained in post-removal-order detention pursuant to INA §241(a)(6). This statute specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA §241(a)(1). However, in *Zadvydas* the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Because petitioner was serving a criminal sentence in the custody of the State of New York at the time that his removal order became final, his removal period could not commence until his release from that term of incarceration. INA § 241(a)(1)(B)(iii); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 738 (5th Cir. 2005)("Rosales' removal period does not start until his state term of incarceration ends."). Petitioner was taken into custody by ICE on June 24,

2005 upon his release from custody by New York authorities. This is the date that petitioner's six-month removal period commenced. Therefore, it is clear from the facts of this case that petitioner has not been in post-removal-order-detention pursuant to INA § 241(a)(6) beyond the presumptively reasonable six month time period.

Accordingly,

IT IS RECOMMENDED that the respondents' "Motion to Dismiss, alternatively, for Summary Judgement" [doc. 12] be GRANTED and that this petition be DISMISSED as premature.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE